944 F.2d 912
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Plaintiff-Petitioner,
v.
INTEGRATED NETWORK CORPORATION, Robert R. Hackett, Gregory
S. Kenepp, Michael M. Luninewicz, and Martin L.
Swim, Defendants-Respondents
 Misc. No. 309.
 United States Court of Appeals, Federal Circuit.
 Aug. 1, 1991.
 
 Before RICH, MAYER and CLEVENGER, Circuit Judges.
 ON PETITION FOR PERMISSION TO APPEAL
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 American Telephone and Telegraph Company (AT & T)* petitions for permission to appeal the June 27, 1991 order of the United States District Court for the District of New Jersey certifying that order and a May 6, 1991 order as ones involving a controlling question of law as to which there is substantial ground for difference of opinion and determining that an immediate appeal may materially advance the ultimate termination of the litigation. Integrated Network Corporation, et al. (Integrated) oppose the petition.
 
 
 2
 AT & T filed suit in a state court against four of its former employees and their new employer, Integrated. The complaint contained four counts: (1) breach of contract; (2) breach of fiduciary duty; (3) misuse and misappropriation of proprietary information; and (4) inducing breach of contract and inducing misuse and misappropriation of proprietary information. The crux of the complaint was that the former employees breached their assignment agreements when they failed to assign the invention claimed in Integrated's patent to AT & T because the invention was allegedly conceived during their course of employment with AT & T. Integrated had the case removed to district court on the ground that it was based on federal patent issues, 28 U.S.C. § 1338(a). AT & T moved the district court for a remand to the state court arguing that the claims were governed by state law. On May 6, 1991, the district court denied AT & T's motion. On June 27, 1991, the district court denied AT & T's motion for reconsideration, explained its reasons further, and certified both orders for immediate appeal to this court.
 
 
 3
 The district court viewed the employees' agreements, whereby they agreed to assign the rights to any inventions conceived to AT & T, as involving the "patent law issue of conception." Under the test set forth in Christianson v. Colt Industries Operating Corp., 486 U.S. 800 (1988), the district court held that AT & T's "right to relief necessarily depends on resolution of a substantial question of patent law, in that patent law is a necessary element of one of the well-pleaded claims."
 
 
 4
 It appears that under this court's pre-Christianson precedent we would determine that this is a state law claim. See Beghin-Say Int'l Inc. v. Rassmussen, 733 F.2d 1568 (Fed.Cir.1984). However, it does not appear that we have addressed the issue post-Christianson. Accordingly, we agree with the district court and AT & T that the orders involve a controlling question of law as to which there is substantial ground for difference of opinion. Because the orders involve the question of whether the case belongs in state or federal district court, immediate appeal will clearly advance the ultimate termination of the litigation.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 AT & T's petition is granted.
 
 
 
 *
 AT & T refers to American Telephone and Telegraph Company and its subsidiaries